UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA SHEARER,

    Plaintiff,

vs.                                                             Case No.  3:08-cv-325-J-25MCR

ACOSTA INC. and SUN LIFE ASSURANCE
COMPANY OF CANADA,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 5) filed July 15, 2008.  Plaintiff's response was originally due on August 1, 2008.  On August 11, when no response was filed, the Court entered an Order (Doc. 11) directing Plaintiff to file a response no later than August 15, 2008.  The Order noted that failure to do so would result in the Court treating the Motion to Strike as though it were unopposed.  (Doc. 11).  As Plaintiff has not filed a response to this Motion, the Court now treats the Motion to Strike as if it were unopposed.

Defendant, Sun Life Assurance Company of Canada ("Sun Life"), takes the position that Plaintiff is not entitled to a jury trial because the remedies available to Plaintiff pursuant to her Complaint are equitable in nature.  (Doc. 5).  Plaintiff's Complaint alleges violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").  (Doc. 1).  Plaintiff alleges claims for: (1) benefits

due under 29 U.S.C. §1132(a)(1)(B); (2) equitable estoppel and (3) breach of fiduciary duty.  (Doc. 1).

As Sun Life correctly points out, there is no right to a jury trial on any of these claims.  Ample caselaw supports Sun Life's position that the remedies provided under ERISA are equitable in nature and therefore, no right to a jury trial exists.  See e.g. Broaddus v. Florida Power Corp., 145 F.3d 1283, 1287, n.** (11th Cir. 1998) (holding "relief under ERISA is limited to equitable remedies") (citing, Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620, 623 (11th Cir.1987); Calamia v. Spivey, 632 F.2d 1235 (5th Cir.1980)); see also Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525, 1526 (11th Cir. 1990)(holding "[a]lthough the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan" and that "[t]his is traditionally equitable relief."); Stewart v. KHD Deutz of America Corp., 75 F.3d 1522, 1527 (11th Cir. 1996) (noting that ERISA has been interpreted as an equitable statute for purposes of determining whether a right to jury trial exists); Miner v. Community Mutual Ins. Co., 778 F. Supp. 402, 404-05 (S.D. Ohio 1991) (claim for money damages for alleged violation of fiduciary duty under ERISA plan equitable in nature; therefore, no right to jury trial exists).

Accordingly, after due consideration, it is

**ORDERED**:

Sun Life's Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 5) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th   day of August, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record